*336 OPINION.
Trammell :
The issue involved in this proceeding is whether the petitioner is entitled to exemption from the corporation income and profits taxes as a personal service corporation. Section 200 of the Revenue Acts of 1918 and 1921 defines such a corporation to be one—
* * * Whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor; but does not include * * * any corporation 50 per centum or more of whose gross income consists * * * of gains, profits, or income derived from trading as a principal * * *.
The first requirement of the law is that the income of a corporation be ascribable primarily to the activities of the principal owners or stockholders.
We have found that during the years involved herein the services rendered by the petitioner consisted of the performance of public accounting work. The officers solicited business and supervised the operations of the corporation, while an average of from 10 to 15 accountants employed by the petitioner did the field work and assisted in the preparation of the reports rendered by petitioner to its clients. These accountants were paid salaries ranging from $25 to $75 per week. During the year ended June 30, 1920, there were only four stockholders taking any part in conducting the affairs of the corporation, while in the subsequent years there were five. This shows that during the first year involved in this proceeding there were from two to four times as many accountants employed in the business as there were stockholders, while in subsequent periods there were from two to three times as many.
The work performed by the accountants was an important element of the service rendered by the petitioner to its clients. Petitioner relied to a substantial extent upon the services of others who were nonstockholders.
We think that what was said in the Appeal of Patterson-Andress Co., 6 B. T. A. 392, is applicable and controlling here. There we said:
In our opinion this clause means more than that the stockholders shall obtain the clients and supervise the work, or that clients shall look to their experience; it means, among other things, that the corporation may not rely upon non-stockholders to do a substantial amount of the work which produces the income whether such work be detailed or supervisory. Just as another clause excludes from personal service classification those corporations where *337 capital contributes materially to the'income, so does this clause exclude corporations where the services of employees so contribute.
The work done by the stockholders was supervisory and directory. While such work was doubtless of importance and was an income-producing feature, we can not find from the evidence that work of the accountants who were employed was not a material income-producing factor.
In Hubbard-Ragsdale Co. v. Dean, 16 Fed. (2d) 410, the court said:
The plaintiff claims the benefit of an exception to the general method and extent of taxing corporations. The burden is upon the plaintiff to show that it clearly comes within the terms of such exception. “ In such cases, a reasonable doubt is fatal to the claim. Prima facie every presumption is against it. It is only when the terms of the concession are too explicit to admit fairly of any other construction that the proposition can be supported.” West Wisconsin R. R. Co. v. Supervisors, 93 U. S. 595, 598 (23 L. Ed. 814). See, also, Lee v. Sturges, 46 Ohio St. 153, 159, 19 N. E. 560, 2 L. R. A. 556.
The burden is upon the petitioner to show that it clearly meets all the requirements of the statute. Being an exception to the general provision under which corporations are ordinarily taxed, the provision should be strictly construed.
The petitioner, having failed to bring itself clearly within the provision of the statute, is not entitled to classification as a personal service corporation.
One of the tests not having been met, it is not necessary to discuss whether any other test is met.

Judgment will be entered for the respondent.

Phillips concurs in the result.